No. 4211

Second Circuit

MARTIN ET AL. v. BONNETTE

(February 16, 1932. Opinion and Decree.)
(March 16, 1932. Rehearing Refused.)

Argued before DREW, McGREGOR and CULPEPPER, JJ.

Cook & Cook, of Shreveport, and C. H. McCain, of Colfax, attorneys for plaintiffs, appellees.

J. A. Williams, of Colfax, attorney for defendant, appellant.

McGREGOR, J. On November 17, 1924, the defendant, A. V. Bonnette, bought a tract of land from G. H. Martin for a consideration of $634.44, for which he executed six special mortgage and vendor's lien notes for $105.74 each, due in four, eight, twelve, sixteen, twenty and twenty-four months after date, respectively. The first four of the notes were paid during the lifetime of Martin. When Martin died on February 23, 1930, the last two of the notes whose due dates were July 17 and November 17, 1926, respectively, were in his possession with no mark on them to indicate that they were not valid outstanding obligations.

On March 29, 1930, the plaintiffs were duly recognized as the widow and heirs of Martin and were formally put in possession of all property belonging to his succession. Among the papers belonging to the succession were found the two last notes of the series described above, and on January 6, 1931, this suit was brought for the amount of the two notes, with interest and attorney's fee. The prayer of the petition is for a personal judgment and the recognition of the special mortgage and vendor's lien against the property.

At the time of the filing of the suit the defendant's affairs were being administered in the bankruptcy court, and he filed a plea to the jurisdiction of the state court on that ground, but no disposition appears to have been made of the plea by the court. The defendant then filed his answer and alleged payment of the notes and asked that the mortgage be cancelled from the record. The payment alleged is claimed by virtue of an agreement entered into between Martin and the defendant under which defendant agreed to cut and market for the account of Martin all the timber on the land purchased from him. He alleges that for this service he was to re-

ceive as a credit on his notes a sum equal to ten per cent of the sale price of the timber so marketed. He alleges further that the title to the land was defective and that Martin agreed to reimburse him whatever sum he should expend for curing the title by crediting it on his notes as a payment. He then alleges that the total commission on the timber sales and the cost of curing his title amounted to $449, and that this sum was retained by Martin as a credit on the two notes on which this suit is based. He alleges further that no settlement had ever been made between him and Martin and that, in calculating the various sums at the time of the filing of the answer, he discovered that he had overpaid the notes and he therefore prays for judgment in reconvention for the difference between $449 and the sum of the notes sued on.

At the trial the plaintiffs offered all their testimony, which was documentary. Defendant then sought to introduce parol evidence in support of the allegations of his answer to show that the notes sued on had been paid. The plaintiffs objected to the introduction of this testimony on two grounds, to-wit:

(1) That if the defendant was seeking to prove a debt against the plaintiffs on a demand in reconvention no one but the trustee in bankruptcy had that authority.

(2) That no parol testimony could be offered in support of the claim thereto for the reason that more than twelve months had elapsed since the death of Martin.

This objection was sustained and the minutes then show that "defendant offers to prove that the notes were paid by him before the death of G. H. Martin and that the payment was made before the party was adjudged a bankrupt, and the court refused to permit him to offer any evidence showing payment."

A formal bill of exception to this ruling of the court was presented by counsel for defendant and the court in its per curiam states three reasons why he refused to admit the testimony, which are as follows:

(1) The facts pleaded cannot set out payment.

(2) The facts pleaded cannot be urged in compensation.

(3) The facts pleaded cannot be urged in reconvention since defendant is in bankruptcy and since more than twelve months have elapsed since the death of Martin.

We will discuss these reasons in reverse order. Defendant has no right to sue for any amount for the purpose of recovering personal judgment for his own benefit. If he has any rights they should be listed among his assets and turned over to the trustee in bankruptcy. Therefore he cannot be heard to ask for judgment in reconvention for any sum, whether the evidence to be introduced is parol or otherwise. Also, he and his trustee in bankruptcy are both prevented by law from proving any claim against the deceased by parol testimony after the lapse of twelve months.

The court is also right in ruling that the facts pleaded cannot be urged in compensation, but the testimony was not offered for that purpose. As we understand the case, the testimony was offered for two purposes, viz.: To show payment of the notes and to prove his claim in reconvention for the excess.

We think the court is in error in holding that the facts pleaded do not set out payment. In his answer the defendant specially "avers that the notes were executed as set forth in the petition and the exhibits attached, but avers that they have all been fully paid and discharged long before the plaintiffs became the owners thereof." He further alleges "that he fully discharged

the above notes before the death of the payee, G. H. Martin." After making these absolute allegations of payment, he proceeds to state how he discharged the notes as stated above in this opinion. The statement is clear that he had earned a certain definite sum of money by performing certain service for Martin during his lifetime and that he, Martin, had retained the money in his hands and had applied it as a credit or payment on the notes. It would be a great injustice to refuse to permit him to make this proof. It is not establishing a claim against deceased, but it is proving the fact of payment. To refuse to admit this testimony would establish a dangerous precedent. Many a note has been paid by cash without the note being delivered or marked paid. Under such a precedent as is sought to be established by the plaintiffs, in all cases where the holders of such note die, their heirs or assigns could successfully collect them again simply by waiting twelve months after the death of the holder before bringing suit. The testimony should have been admitted for the purposes of showing payment. It is just as proper to plead that payment was made by service rendered, property exchanged or any other manner as by cash. Defendant alleged that he paid these notes by leaving in Martin's hands cash which he would otherwise have been entitled to receive, and that this was done by special agreement and understanding.

For the reasons assigned the judgment appealed from is annulled, avoided and reversed and the case is remanded to the lower court with instructions to receive parol evidence to be restricted to establishing the payment of the note sued on, and to be further proceeded with in accordance with the views herein expressed. It is further ordered that the cost of this appeal be paid by the plaintiffs and that all other costs await the final determination of the cause.